**Dated: March 24, 2006**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **JACKIE DON MORGAN** | ) | Case No. 05-70494 |
| **fdba JDM Investments** | ) | Chapter 7 |
| **aka Jack D. Morgan** | ) | |
| **DONNA FAYE MORGAN** | ) | |
| **aka Donna Faye Miller** | ) | |
| | ) | |
| Debtors. | ) | |

**O R D E R**

On the 1st day of February, 2006, the Motion to Avoid Judicial Lien of Faust Corp. Pursuant to Section 522(f) and Brief in Support, filed by Debtors, and Objection to Motion to Avoid Judicial Lien, filed by Faust Corporation, came on for evidentiary hearing. Appearances were entered by Jeff Herrick, Attorney for the Debtors, and Richard Winblad, Attorney for Faust Corporation ("Creditor"). After hearing and reviewing the evidence and testimony presented by the parties, this Court does hereby enter its findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Creditor obtained a Judgment against the Debtors in the District Court of McIntosh County,

Oklahoma, in June of 2004, after purchasing a delinquent account of Debtors with Discover Card. Debtors filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on February 14, 2005. Debtors seek to avoid Creditor's judicial lien of the Creditor pursuant to 11 U.S.C. § 522(f), asserting that the lien impairs the homestead exemption to which the Debtors are entitled under Oklahoma law..

Section 522(f)(1) provides in part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is - (A) a judicial lien . . . ." 11 U.S.C. § 522(f)(1). Subsection (b) provides for certain federal exemptions and also allows states to opt out of the federal exemptions. Oklahoma has opted out of these federal exemptions. Section 1(A)(1) of title 31 of the Oklahoma Statutes provides for a homestead exemption for a debtor's home, if such home is that debtor's principal residence. Okla. Stat. tit. 31, § 1(A)(1) (West Supp. 2006).

The Bankruptcy Appellate Panel for the Tenth Circuit, in addressing this issue, has noted that:

> while federal law permits states to define what property is exempt, federal law governs the availability of lien avoidance, and preempts any state law that limits the scope of its exemptions in a way that would interfere with the "fresh start" policy served by the avoidance of certain types of liens under § 522(f).

*Coats v. Ogg (In re Coats),* 232 B.R. 209, 213 (10th Cir. BAP 1999). The court in *Coats* went on to rule that a judgment lien that impairs a debtor's homestead can be avoided. *Id.* at 212.

The Court in *Coats* also examined the Supreme Court case of *Owen v. Owen,* 500 U.S. 305 (1991). In the *Owen* case, which arose under Florida law, the former wife of the debtor obtained a judgment against the debtor and recorded that judgment in 1976. At the time of recording, the debtor did not own any real property. The debtor purchased a condominium in 1984 and the judgment attached to

2

the property immediately, as Florida's homestead exemption law did not apply to condominiums. The debtor filed for bankruptcy relief and sought to avoid the judicial lien. The Supreme Court held that a judicial lien on property that is claimed exempt under state law may be avoided under § 522(f), even if the state law limits the circumstances under which the property may be exempt. The Supreme Court remanded the case to the Eleventh Circuit Court of Appeals. Creditor urges this Court to examine the history of *Owen* following the Supreme Court's remand.

The Supreme Court remanded the *Owen* case to the Eleventh Circuit Court of Appeals to consider whether or not the lien in that case "fixed" on an interest of the debtor, noting that some courts have held § 522(f) inapplicable to a lien that was already attached to property when the debtor acquired it. *Owen,* 500 U.S. at 314. The Eleventh Circuit determined on remand that there was no fixing of a lien on an interest of the debtor since the debtor in that case did not have any property interest prior to the fixing of the lien. *In re Owen,* 961 F.2d 170, 172 (11th Cir. 1992). As a result, the lien could not be avoided.

The Eleventh Circuit's analysis and conclusion are inapplicable in the case before this Court. The parties do not dispute that the property at issue is the Debtors' principal residence and the evidence further shows that the Debtors owned the property prior to the fixing or entry of the judgment lien. Additionally, the property would be exempt but for the Creditor's judicial lien. As a result, the Debtors' homestead is impaired by the Creditor's judicial lien, and therefore the lien should be avoided.

IT IS THEREFORE ORDERED that the Motion to Avoid Judicial Lien of Faust Corp. Pursuant to Section 522(f), filed by the Debtors, is **granted.**

###

3